William C. Hecht, Jr., J.
Petitioner seeks to review an order of the State Rent Administrator which denied an application for an increase of rent pursuant to the “6% return formula ”.
In calculating the return to which petitioner was entitled respondent used the assessed valuation of the property, $1,225,000, at the time of the application, although respondent concedes that the price paid by the landlord was $1,750,000.
Stripped of all extraneous matter the reason for respondent’s denial of the increase is based upon the fact that petitioner purchased the property in 1953 subject to a 15-year net lease which had been executed in 1948. Consequently, according to respondent, the price which petitioner paid for the property does not affect its income from the lessee and any increase granted would inure to the lessee’s benefit and not petitioner’s.
Respondent recognizes that if the lease were cancelled petitioner would be entitled to an increase based upon the actual purchase price. (The lease contains a six months’ cancellation clause.) In my opinion the “6% return formula ” applies to the property as such, and even if the landlord does not benefit directly from the increase during the term of the lease, there are ways in which he could otherwise benefit, including the *99 obvious increase in the sales price of the property based upon a higher rent roll, should petitioner desire to sell the property.
Since the Administrator refused to hold a hearing or examine the facts which petitioner attempted to adduce as a basis for its requested increase, it would seem that such refusal to afford an opportunity to at least be heard, was unreasonable and arbitrary.
Consequently, the proceeding is remanded to respondent for action consonant with the foregoing. Settle order.